UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVCO CORPORATION,<br><br>              Plaintiff,<br><br>     v.<br><br>PAUL THOMAS CREWS,<br><br>              Defendant. | Case No. C14-768RSL<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

This mater comes before the Court on "Plaintiff's Motion to Stay," Dkt. # 8, and "Defendant's Motion For Summary Judgment," Dkt. # 17. Having reviewed the memoranda and exhibits submitted by the parties, the Court finds as follows.

## I. BACKGROUND

This case stems from litigation in Washington state court surrounding a small-aircraft crash that occurred in July 2008 that took the lives of the pilot, Brenda Houston ("Houston"); her daughter, Elizabeth Crews; and a family friend, Dr. Virgil Victor Becker, Jr. Dkt. # 8 at 2. Two cases were filed in state court following the accident: Defendant Paul Thomas Crews, as personal representative of Houston's estate, filed suit against AVCO Corp. ("AVCO") and other manufacturers; and Becker's estate ("Becker") filed suit against AVCO, other manufacturers, and Houston's estate. Dkt. # 17 at 1-2. The two cases were consolidated for discovery and trial. Id. at 2.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT - 1

The trial court imposed severe sanctions against AVCO for discovery violations, including a jury instruction that AVCO was liable to both plaintiffs for damages. Dkt. # 11-1 ("Order Granting Discovery Sanctions") at 12-14. The trial court further ordered that it would not instruct the jury "on any comparative fault of the aircraft's pilot" or "that they [were] to determine whether any other parties [were] 'at fault,'" id., essentially instructing the jury that Houston was free from fault. Holding that it would "establish liability and causation in favor of the plaintiffs," id. at 12, the court stated that it would limit the jury in AVCO's trial to determining the amount of compensatory and punitive damages owed, id. at 13.

Plaintiffs proceeded to trial against AVCO. The jury awarded Becker $8.9 million and Crews $11.3 million in compensatory damages. Dkt. # 11-2 ("Special Verdict Form I"). After this verdict was rendered, but before the punitive damages phase began, AVCO settled with Becker for an undisclosed amount. Dkt. # 17 at 3. Crews proceeded to trial on punitive damages and was awarded $6 million. Dkt. # 11-3 ("Special Verdict Form II"). The cases were severed after trial, and AVCO appealed the judgment entered in favor of Crews. Dkt. # 17 at 3. AVCO's appeal, which is still ongoing, challenges the sanctions order and requests remand for a new trial in which evidence would be presented establishing Houston's fault for the July 2008 airplane crash. Dkt. # 1 at 4. Becker separately settled its claims against Crews for $50,000. Dkt. # 11-4 ("Settlement and Release").

According to AVCO, its settlement with Becker "released all claims" arising out of Virgil Becker's death, but "did not limit any rights of or against any other individual or entity." Dkt. # 1 ¶ 4.10. This Court has not been presented with the settlement agreement.

AVCO brought this action against Crews in May 2014 seeking contribution for its settlement with Becker, claiming that it paid more than its equitable share. Id. ¶ 5.2. AVCO alternatively seeks a declaration that the one-year time period for asserting a contribution claim under RCW 4.22, et seq. does not begin to run until Houston's estate (hereinafter referred to as "Crews" for the sake of simplicity) is found liable for damages arising out of the July 2008

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT - 2

airplane crash, which according to AVCO will occur at the earliest "after trial on remand after the conclusion of the *AVCO Corp. v. Crews* appeal." Id. ¶ 6.3. In October 2014, AVCO moved to stay all proceedings in this action until the conclusion of the state court case, on the grounds that the action for contribution may only proceed if AVCO is successful in the appeal and "any proceedings thereafter". Dkt. # 8 at 1. Defendant moved for summary judgment in November 2014. Dkt. # 17.

AVCO's theory appears to be that, if it succeeds in its appeal, there will eventually be a new trial in which Houston (Crews) will be found at fault, thereby allowing AVCO to recover contribution from Crews for AVCO's settlement with Becker. Emphasizing that it only filed this contribution action in order to meet the deadline for bringing such actions set by state law, AVCO argues that the Court should stay proceedings until state court proceedings determine whether AVCO's claims have merit. Dkt. # 8 (citing RCW 4.22.050).[1] AVCO likewise requests that the Court deny defendant's motion for summary judgment because the Court should presume that AVCO will succeed in state court. Dkt. # 21 at 9. As part of its arguments, AVCO challenges the validity of Crews' settlement with Becker, Dkt. # 21 at 5-10, which Crews suggests precludes AVCO's contribution claim, Dkt. # 17 at 5-7.[2] Crews in turn argues that he and AVCO are not jointly and severally liable, as is required for AVCO to have a contribution claim under Washington law, and that this would not change even if AVCO prevailed on its

---

[1] RCW 4.22.050(3) states the following:
> (3) If a judgment has been rendered, the action for contribution must be commenced within one year after the judgment becomes final. If no judgment has been rendered, the person bringing the action for contribution either must have (a) discharged by payment the common liability within the period of the statute of limitations applicable to the claimant's right of action against him or her and commenced the action for contribution within one year after payment, or (b) agreed while the action was pending to discharge the common liability and, within one year after the agreement, have paid the liability and commenced an action for contribution.

RCW 4.22.050.

[2] AVCO also argues that Crews' motion should not be granted until AVCO is given additional time to conduct discovery concerning Crews' settlement with Becker to prove its invalidity, encouraging the Court to deny the motion or delay ruling on it under Fed. R. Civ. P. 56(d). Dkt. # 21 at 10-11.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT - 3

appeal, especially in light of Becker's separate settlements with these defendants. Dkt. # 17 at 4-8; Dkt. # 24 (Def. Reply MSJ).

## II.  LEGAL STANDARDS

**(a)     Motion to Stay**

A district court has "broad discretion" to stay proceedings as an incident to its power to control its own docket, Clinton v. Jones, 520 U.S. 681, 703 (1997) (citation omitted).  A court may, "with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of California Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979).  A court considering whether a stay is appropriate must weigh the competing interest that will be affected by the requested stay, including: (1) the possible damage which may result from granting the stay; (2) the hardship or inequity which a party may suffer if the suit is allowed to go forward; and (3) the "orderly course of justice," measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

**(b)     Motion for Summary Judgment**

Summary judgment is appropriate if, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party, the moving party shows that "there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Torres v. City of Madera, 648 F.3d 1119, 1123 (9th Cir. 2011).  The moving party "bears the initial responsibility of informing the district court of the basis for its motion." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail by pointing out that the nonmoving party lacks evidence to support its case. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).  If the moving party meets its initial burden, the opposing party must then set out "specific facts" showing a genuine issue for trial in order to

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT - 4

defeat the motion. Id. "The mere existence of a scintilla of evidence in support of the nonmoving party's position" is not sufficient; this party must present probative evidence in support of its claim or defense. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party. In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008).

### III.  DISCUSSION

**(a)  Seeking Contribution and the Impact of Settlement**

Under Washington law, a right to contribution only exists between parties that are jointly and severally liable for a harm. Kottler v. State, 136 Wn.2d 437, 442, 447 (1998). In 1986, Washington's legislature abolished joint and several liability in most circumstances in favor of proportionate liability. Id. at 442. RCW 4.22.070 requires all liability to be apportioned unless one of several exceptions applies, in which case joint and several liability is retained. Id. at 444 (citing cases interpreting the statute). First, modified joint and several liability is retained (and thus contribution is possible) where defendants were acting in concert or shared a master/servant or principal/agent relationship. RCW 4.22.070(1)(a). Second, full joint and several liability remains the rule in cases involving hazardous waste, tortious interference with business, and unmarked fungible goods such as asbestos. RCW 4.22.070(3)(a)-(c). Third, a limited form of joint and several liability is retained where the plaintiff is found to be fault-free and judgment has been entered against two or more defendants. RCW 4.22.070(1)(b)[3].

This framework has important implications for parties that settle. RCW 4.22.070(2) states the following:

> If a defendant is jointly and severally liable under one of the exceptions listed in subsections (1)(a) or (1)(b) of this section, such defendant's rights to contribution

---

[3] "If the trier of fact determines that the claimant or party suffering bodily injury or incurring property damages was not at fault, the defendants against whom judgment is entered shall be jointly and severally liable for the sum of their proportionate shares of the claimants [claimant's] total damages." RCW 4.22.070(1)(b).

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT - 5

>against another jointly and severally liable defendant, and the effect of settlement by either such defendant, shall be determined under RCW 4.22.040, 4.22.050, and 4.22.060.

RCS 4.22.070(2). The three statutory provisions mentioned above – RCW 4.22.040, 4.22.050, and 4.22.060 – all include language indicating that a defendant that settles with a plaintiff may seek contribution from another party, in some cases regardless of whether either party to the contribution action has had "judgment entered" against it in favor of the plaintiff.[4] However, the Washington Supreme Court has clarified that a party that settles before judgment is entered may only be jointly and severally liable – and may therefore seek or be liable for contribution – where it falls under some exception to proportional liability other than RCW 4.22.070(1)(b). Kottler, 136 Wn.2d at 448.

It is undisputed that RCW 4.22.070(1)(b) is the only basis for finding joint and several liability in the instant case. Therefore, the question presented is whether this provision was (or can be) satisfied.

**(b)    AVCO's Arguments Assuming That It May Seek Contribution**

AVCO advances several arguments for staying this case and/or denying Crews' motion that appear to be premised on the notion that AVCO had judgment entered against it and may therefore seek contribution from another defendant. Even assuming arguendo that this is the case, AVCO's theory is problematic.

Under RCW 4.22.070(1)(b), Crews may only be liable for contribution if judgment has

---

[4] RCW 4.22.040(1) states: "A right of contribution exists between or among two or more persons who are jointly and severally liable upon the same indivisible claim for the same injury, death or harm, whether or not judgment has been recovered against all or any of them." RCW 4.22.040(2) states: "Contribution is available to a person who enters into a settlement with a claimant only (a) if the liability of the person against whom contribution is sought has been extinguished by the settlement and (b) to the extent that the amount paid in settlement was reasonable at the time of the settlement." RCW 4.22.050(2) states: "If the comparative fault of the parties to the claim for contribution has not been established by the court in the original action, contribution may be enforced in a separate action, whether or not a judgment has been rendered against either the person seeking contribution or the person from whom contribution is being sought." RCW 4.22.060(2) states: "A release, covenant not to sue, covenant not to enforce judgment, or similar agreement entered into by a claimant and a person liable discharges that person from all liability for contribution, but it does not discharge any other persons liable upon the same claim unless it so provides."

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT - 6

been entered against it.  Given this fact, AVCO's theory appears to be that prevailing in its state court appeal, and then successfully challenging the validity of Becker's settlement with Crews, may ultimately result in a new trial against Crews and a judgment against him (based on Houston's fault for the crash).  AVCO's first problem lies with its appeal.  AVCO has appealed Crews' favorable judgment against AVCO on the grounds that the sanctions imposed by the trial court were improper.  While the sanctions also applied to Becker's action against AVCO and Crews, AVCO has only appealed Crews' suit against AVCO.  In theory, this would compel a retrial between Crews and AVCO, in which AVCO could raise pilot error as a defense; however, AVCO has not fully explained how it intends to compel a retrial between Becker and Crews.

AVCO appears to believe that invalidating the Becker-Crews settlement, combined with invalidating the sanctions order, will force Becker and Crews back into litigation.  To this end, AVCO argues that the Becker-Crews settlement is vulnerable to a third-party challenge, contending that AVCO (as an interested party to the settlement) was never given notice of the settlement (as is required under RCW 4.22.060), and that the settlement may fail under the state law test for determining whether a settlement is fair to interested third parties.  Dkt. # 21 at 5-9 (citing the test developed in <u>Glover v. Tacoma Gen. Hosp.</u>, 98 Wn.2d 708, 717 (1983), <u>abrogated on other grounds by</u> <u>Crown Controls, Inc. v. Smiley</u>, 110 Wn.2d 695 (1988)).  AVCO emphasizes several factors suggesting that the settlement was collusive, such as the fact that the Becker and Houston families are close personally and that the Becker-Crews settlement figure was far lower than the original value that Becker asserted for its claim against Crews.  <u>Id.</u> at 8. AVCO stresses that the Court should not grant Crews' motion before AVCO has had the opportunity to conduct further discovery concerning the settlement and its validity.  <u>Id.</u> at 9. However, to this Court's knowledge, AVCO has not yet challenged the settlement in any state court proceeding.

AVCO has essentially asked this Court to stay this case and/or deny Crews' motion for summary judgment based on the possible outcomes of a pending appeal, a settlement challenge

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT - 7

that may not have yet been raised and a subsequent new trial involving Becker and Crews, without citing any authority suggesting that prevailing on both the appeal and the settlement challenge will necessarily lead to this new trial.  However, the Court need not reach whether it can reasonably infer these outcomes, because even if AVCO prevails in state court it will not be entitled to seek contribution under RCW 4.22.070(1)(b), as explained below.

### (c) AVCO May Not Seek Contribution

Again, a party may only seek contribution under RCW 4.22.070(1)(b) where it has had judgment entered against it.  Kottler, 136 Wn.2d at 448; see also Anderson v. City of Seattle, 123 Wn.2d 847, 852 (1994) ("Inherent in the language of subsection (1)(b) is the prerequisite that two or more defendants have a final judgment entered against them.").  Therefore, a key question in this case is whether AVCO had judgment entered against it within the meaning of this statutory provision where it settled with Becker prior to the punitive damages phase of its trial, after the trial court had already determined its liability in its sanctions order.

Washington courts have repeatedly held that "settling parties, released parties, and immune parties are not parties against whom judgment is entered and will not be jointly and severally liable under RCW 4.22.070(1)(b)."  Barton v. State, Dept. of Transp., 178 Wn.2d 193, 202 (2013) (quoting Kottler, 136 Wn.2d at 447).  The statute itself contemplates that, in cases were multiple defendants are at fault, judgment would be entered against "each defendant except those who have been released by the claimant[.]"  RCW 4.22.070.  This would seem to bar AVCO from seeking contribution because it "entered into a settlement agreement" with Becker "that released all claims" against it.  Dkt. # 1 ¶ 4.10.

However, unlike in Kottler, in which a defendant settled before merits findings had been made, 136 Wn.2d at 447, AVCO settled after the trial court had established that AVCO was liable to Becker, and the only stage of Becker's case against AVCO that had not been completed was the jury's assessment of punitive damages.  AVCO could argue – as it appears to assume – that an adverse ruling on liability constitutes a judgment for the purposes of RCW 4.22.070, and

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT - 8

that settling parties may be jointly and severally liable so long as they settle after such findings on the merits.  See id. ("Parties settling before trial will be jointly and severally liable only if the case falls under an exception which does not require a judgment to be entered.") (emphasis added).

The only direct support that the Court has found for this proposition comes from In re Doyle, 93 Wn. App. 120, 125 (1998), in which the court stated that "[t]he determinative issue [under RCW 4.22.070(1)(b)] is whether the release occurred before or after an adjudication of liability."  However, the Doyle Court derived this rule from its reading of Allstate Ins. Co. v. Batacan, 89 Wn. App. 260 (1997).  In Batacan, the court, applying RCW 4.22.070(1)(b), had found two tortfeasors jointly and severally even though one of them had settled with the claimant, after an arbitration panel had determined the tortfeasors were each 50 percent at fault. Id. at 265-66.  According to Doyle, the fact that no bar remained to the entry of judgment after this finding meant that joint and several liability could be found.  93 Wn. App. at 125.  Batacan was reversed by the Washington Supreme Court in 1999, one year after Doyle; the court held that the tortfeasors were not jointly and severally liable because no "actual" judgment had been entered against both of them:

> Consistent with the statute's mandate that actual judgment be rendered against both tortfeasors as a condition precedent to joint and several liability, claims for contribution based upon a situation which would otherwise arguably constitute joint and several liability if pursued to judgment also fail absent actual entry of the joint judgment.

139 Wn.2d 443, 450-51 (1999).  In light of this ruling, the rule from Doyle does not appear to be good law.  Taking the statute at its word, as the Washington Supreme Court appears to do, this Court looks for entered judgments, and not rulings concerning fault.

Washington Superior Court Civil Rule 54 states that a judgment "is the final determination of the rights of the parties in the action and includes any decree and order from which an appeal lies."  This Court has found no Washington authority indicating that a pretrial order limiting trial to the issue of damages meets this definition, and notes that making such a

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT - 9

finding would be inconsistent with Washington precedent. Maybury v. City of Seattle, 53 Wn.2d 716 (1959) (holding that a trial court order on a motion for summary judgment that limited a trial to the question of damages was not a final judgment and was therefore not appealable). AVCO apparently settled in Becker's action against it before the jury could award Becker punitive damages, and there is no evidence in the record before the Court that a judgment was ever entered against AVCO in this action. As such, AVCO may not be found jointly and severally liable with Crews for the purposes of RCW 4.22.070(1)(b), even if Crews is someday found liable for the aircraft crash. AVCO will never be entitled to seek contribution for its settlement with Becker, and Crews is therefore entitled to summary judgment.

## IV. CONCLUSION

For all of the foregoing reasons, the Court GRANTS Crews' motion for summary judgment, Dkt. # 17, and DENIES AVCO's motion to stay as moot, Dkt. # 8.

DATED this 12th day of February, 2015.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT - 10